# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MASHAWN GREY,

    Plaintiff,

Case No.: 6:16-cv-580-ORL-18TBS

v.

BLUESTEM BRANDS, INC.
d/b/a FINGERHUT,

    Defendant.
_____/

# COMPLAINT
# JURY DEMAND

1. Plaintiff, MASHAWN GREY, alleges violations by Defendant, BLUESTEM BRANDS, INC., d/b/a FINGERHUT, of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Florida Statute §559 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

4. Plaintiff, MASHAWN GREY (hereinafter, "Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Seminole County, Florida.

5. Plaintiff is the called party, subscriber, regular user and owner of the subject cellular telephone. *See Soppet v. Enhanced Recovery Co., LLC*, 670 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

6. Plaintiff is a "consumer" as defined in Florida Statute §559.55(8).

7. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6)

8. Defendant, BLUESTEM BRANDS, INC., d/b/a FINGERHUT (hereinafter "Defendant"), is a Delaware corporation whose principle place of business is located at 6509 Flying Cloud Drive, Eden Prairie, MN 55344.

9. Defendant's registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

10. Defendant is a "creditor" as defined by Florida Statute §559.55(5).

11. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

## FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF

12. Defendant attempted to collect an alleged debt arising from transactions primarily incurred for personal, family or household purposes from Plaintiff. Specifically, Defendant attempted to collect monies allegedly due concerning a Fingerhut account.

13. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling her cellular telephone several times per day, with such frequency as can reasonably be expected to harass, in an effort to collect an alleged debt.

14. Plaintiff received between two (2) to eight (8) calls per day, to her cellular telephone number, from Defendant in an effort to collect the alleged debt at issue.

15. Upon answering many of these calls, Plaintiff was greeted either by an automated machine- operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect to a live telephone employee.

16. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention, which the FCC has opined is the hallmark of an automatic telephone dialing system. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act o 1991, 18 F.C.C.R. 14014, 14091-92 (2003).*

17. Defendant used an automatic telephone dialing system or a pre- recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

18. On several occasions, Plaintiff revoked consent to be called on her cellular telephone by Defendant.

19. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(a).

20. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

21. Plaintiff incorporates Paragraphs 1 through 20 herein.

22. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including §559.72, Florida Statutes.

23. Defendant engaged in an act or omission prohibited under §559.72(7), Florida Statutes, by willfully engaging in conduct, which can reasonably be expected to harass or abuse the Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a) Statutory Damages;

b) Actual Damages;

c) Punitive Damages;

d) Attorney's fees, litigation expenses and costs of suit; and

e) Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates Paragraphs 1 through 20 herein.

25. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or a pre- recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

26. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a) $500.00 dollars in statutory damages for each violation of the TCPA over the last four years;

b) $1,500.00 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c) a declaration that Defendant's calls violate the TCPA;

    d) a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre- recorded or artificial voice;

    e) litigation expenses and costs of the instant lawsuit; and

    f) such further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

    Respectfully submitted,

    By: /s/ *Christopher Legg*
    Christopher Legg, Esq.
    *Attorney for Plaintiff*
    Florida Bar No. 44460

    CHRISTOPHER W. LEGG, P.A.
    3837 Hollywood Blvd., Ste. B
    Hollywood, FL 33021
    Telephone: 954-962-2333
    Facsimile: 954-927-2451
    ChrisLeggLaw@gmail.com